[Civ. No. 20881.   First Dist., Div. Two.   Nov. 20, 1963.]

PHILLIP R. DAVIDSON, Plaintiff and Respondent, v. IRENE C. DAVIDSON, Defendant and Appellant.

Donahue, Richards & Gallagher and George E. Thomas for Defendant and Appellant.

Strom, Bluer & Weiser and Howard M. Weiser for Plaintiff and Respondent.

TAYLOR, J.—This is an appeal by a divorced wife from a judgment in favor of her former husband and partner in his action for declaratory relief and contribution. Appellant contends that the trial court erred in denying relief on her cross-complaint for misappropriation of partnership funds.

The material facts are as follows: On April 22, 1957, in contemplation of divorce, appellant and respondent entered

into a written property settlement agreement whereby, among other propery dispositions, they became general partners in three business enterprises they had previously conducted as community property ventures. These businesses which had been operated by respondent were in a poor financial condition. In addition to other obligations, county and federal tax claims had accrued in the amount of $27,209.53. The agreement stated that the parties desired to pay appellant a lump sum of $35,000 in addition to other properties transferred to her but that such was impossible due to the condition of the community estate. The agreement further expressed the belief that respondent could improve the position of the partnership businesses to the extent that such sum could be paid to the appellant. The businesses were to continue as before and respondent was given the discretion to determine whether in his best judgment any profits should be retained, used or distributed. No new books or records were established and respondent continued his management responsibilities.

Between April and October of 1957, the partnership acquired additional tax liabilities totaling $26,582.62. In October of 1957, the businesses went into bankruptcy. Payment from the *bankruptcy estate* in the sum of $16,064.13 was applied against a federal tax liability but the county and state tax claims and further federal tax liability remained unpaid. Subsequent to the bankruptcy proceedings, respondent personally paid from individual earnings the sum of $15,061.18 on account of federal taxes remaining unpaid.

The appellant filed a cross-complaint alleging, among other things, that the respondent had wrongfully misappropriated partnership funds by using them to pay obligations of the businesses that had accrued prior to April 22, 1957, the date of the property settlement agreement and the formation of the partnership.

The court found the community property charged with the obligations of the community business enterprises became merged in the partnership businesses and that respondent did not misappropriate partnership funds but properly applied them toward the federal taxes accruing prior to April 22, 1957, and thus denied appellant any relief on her cross-complaint.

As to the relief for which respondent prayed, the parties stipulated, and the court found, that of the sum of $15,061.18 personally paid by respondent on account of

federal tax claims, $11,261.38 represented payment of taxes accrued subsequent to April 21, 1957, for which appellant was jointly and severally liable with respondent. The court entered a money judgment in favor of respondent for one-half of this amount. As to the total of the county, state and federal tax claims remaining unpaid, the parties further stipulated, and the court found, that the sum of $7,529.97 represented taxes accruing subsequent to April 21, 1957, and entered judgment declaring appellant jointly and severally liable for the payment of these sums.

The only issue involved in this appeal is whether after formation of the partnership, appellant's interest therein remained liable for the prior business obligations which the respondent partially satisfied out of the assets of the partnership. Appellant argues that if the respondent had not used partnership funds to satisfy the pre-existing debts, but had used the partnership funds in satisfaction of the partnership tax liability, there would have been sufficient funds to satisfy all the partnership tax liability. Appellant's liability for the taxes accruing after the creation of the partnership is not in issue. The parties also agree that appellant is not personally liable.

Appellant, relying on *Griffin* v. *Williamson*, 137 Cal.App. 2d 308 [290 P.2d 361] and *Wine Packing Corp. of Calif.* v. *Voss*, 37 Cal.App.2d 528 [100 P.2d 325], argues that the general rule of the nonliability of a new partner for preexisting debts should apply.[1] She contends that in the absence of a statute or express agreement, the mere act of forming a partnership does not automatically fasten liability for an old debt on the partner who did not contract it, and that section 15017[2] of the Corporations Code applies only to a person admitted as a partner into an existing partnership.

We conclude that under the facts of this case, the trial court was correct in finding the appellant assumed the pre-existing business obligations. The property settlement agreement clearly indicates the appellant desired that the

[1]The two cases cited by the appellant do not actually sustain her argument as both held that a partner is not personally liable for the preexisting debts of the partnership.

[2]The section (§ 17 of the Uniform Partnership Act) provides that a person admitted as a partner into an existing partnership is liable for all of the obligations of the partnership arising before his admission as though he had been a partner when the obligations were incurred, except that this liability shall be satisfied only out of partnership property.

three businesses be carried on after the partnership was formed as they were as community enterprises. Her expressed hope was that they would become prosperous and that she would receive the $35,000 property settlement payment from future profits rather than presently from the hard-pressed business operation. The transition from community enterprise to partnership was necessitated by the dissolution of the marriage but there appeared to be no intention to alter the respective liabilities of the parties as to obligations incurred by the businesses prior to the partnership, or to otherwise change the method of operation. The agreement gave the respondent full management and control of the businesses as before, as well as full discretion to determine whether the partnership profits should be retained or distributed. No new books were to be kept. When the agreement is read in its entirety, it is clear that the appellant did not receive an interest in the partnership as security for the payment of the $35,000. Upon the sale of the partnership businesses, the appellant was entitled to one-half of the proceeds but not less than $35,000. The appellant was fully aware of the financial condition of the businesses to be operated by the partnership. The agreement is void of any expressed intention on her part to be released from the obligations which existed at the time of the formation of the partnership.

The appellant points out that in section 2 of the agreement which conveyed to the appellant the community interest of the parties in another business, Davidson's Delicatessen, she agreed to assume the obligations in the balance sheet. She argues that the omission of a similar provision in the agreement relating to the three partnership businesses here in question shows that she did not assume any of their liabilities. However, Davidson's Delicatessen was transferred to appellant as her sole and separate property. Since the respondent relinquished all interest, it was natural to provide for a relinquishment of liabilities and the assumption thereof by the appellant. With regard to the partnership businesses, there was no actual change of ownership, but only in the form in which the interests of the parties were held. Had the parties intended that one be relieved of the obligations of the businesses for which their interests had theretofore been liable, an assumption of obligations would have been expressed.

The parties agreed that the three businesses were community property. Appellant conceded that her community

interest in the businesses was liable for the debts incurred in their operation (*Grolemund* v. *Cafferata*, 17 Cal.2d 679 [111 P.2d 641]). When the marriage was dissolved and the community businesses were continued as a partnership venture, appellant remained liable to the extent that she was liable when the debts were incurred, i.e., to the extent of her interest in the partnership assets. Appellant overlooks the fact that in an ordinary partnership situation, the new partner is not held liable for preexisting debts because he was not liable for the obligations when incurred (Story on Partnership (6th ed.) §§ 146-147, pp. 262-265).

Appellant's argument that the trial court erroneously applied section 15017 of the Corporations Code because we are here dealing with the formation of a *new* partnership need not be considered. The trial court did not apply the section but merely held that the circumstances of this case compelled a similar result. (Civ. Code, § 3511.) We agree.

Judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.